TRUSTEES OF ARMENIA LODGE No. 97, I. O. O. F., Respondent, vs. UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant: SAFIR, interpleaded, Respondent.

*January 15—April 6, 1920.*

*Principal and surety: Evidence: Time of defalcation: Allegations in information to which defaulter pleaded guilty.*

In an action on a fidelity bond to recover a loss sustained by the defalcation of one of plaintiff's trustees, the time of defalcation alleged in an information charging embezzlement, to which the trustee pleaded guilty, controlled as to the time of the defalcation, in the absence of other specific evidence thereof.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

Action begun in the civil court against the *United States Fidelity & Guaranty Company* on a fidelity bond to recover loss sustained by plaintiff by the defalcation of one of its trustees, Mahler.    The defendant company caused one of Mahler's co-trustees, *Safir,* to be interpleaded, claiming that if judgment went against it *Safir* would be liable over to it on account of his negligence.    At the close of the testimony all parties moved for a directed verdict.    The court discharged the jury, made findings of fact to the effect that the defalcation took place during the life of the bond; that

*Safir* was not guilty of negligence, and judgment was entered against the *United States Fidelity & Guaranty Company* in favor of plaintiff for $800, the amount of the bond, and costs, and in favor of *Safir* for costs. The defendant appealed to the circuit court, where the judgment was affirmed, and thereupon it appealed to this court.

For the appellant there was a brief by *Bloodgood, Kemper & Bloodgood,* attorneys, and *Emmet Horan, Jr.,* of counsel, all of Milwaukee, and oral argument by *Mr. Horan.*

*Morris Stern* of Milwaukee, for the respondent *Trustees of Armenia Lodge.*

*Louis L. Cohen* of Milwaukee, for the respondent *Safir.*

The following opinion was filed February 10, 1920:

VINJE, J.   Only questions of fact are presented by this appeal.   It is claimed (a) that there is no proof that the defalcation took place during the life of the bond, and (b) that *Safir* was guilty of negligence as a co-trustee.   The bond was issued June 7, 1915, and renewed annually up to the time of the trial.   Mahler pleaded guilty to an information charging embezzlement of the funds January 3, 1917, and upon examination in court when such plea was made he testified that the bonds were converted January 3, 1917. The record of this plea and examination was received in evidence without objection.   In the absence of other specific evidence as to the time of defalcation the time alleged in the information controls.   The trial court therefore properly found that the embezzlement took place during the life of the bond.

The trial court also found that *Safir* was not guilty of negligence; that he was elected trustee May 17, 1916, and served only for a few months.   Both of these findings are sustained by the evidence.   It appears that in the summer of 1916 he was elected Noble Grand.   As such he was not a member of the board of trustees and he never was re-elected a trustee so far as the proof shows.   Since he was

not a trustee at the time of the defalcation he could breach no trust duty in respect thereto.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on April 6, 1920.